IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV - 7 2005

GREGORY C. LANGHAM
CLERK

Civil Action No. 05-cv-02068-OES

STEVEN A. GALBRAITH,

     Plaintiff,

v.

CORRECTIONAL HEALTHCARE, Administrative and all responsible parties, "Jane
    Doe" and "John Doe,"
EL PASO COUNTY SHERIFF'S DEPARTMENT, and
EL PASO COUNTY SHERIFF TERRY MAKETA,

    Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff Steven A. Galbraith is a prisoner in the custody of the Colorado
Department of Corrections at the Crowley County Correctional Facility at Olney Springs,
Colorado. Mr. Galbraith has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C.
§ 1983 alleging that Defendants violated his rights under the United States Constitution
while he was incarcerated at the El Paso County Jail. The court must construe the
complaint liberally because Mr. Galbraith is representing himself. *See Haines v.
Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.
1991). However, the court should not be the *pro se* litigant's advocate. *See Hall*, 935
F.2d at 1110. For the reasons stated below, Mr. Galbraith will be ordered to file an
amended complaint.

The court has reviewed the complaint filed in this action and finds that it is
deficient. First, it is not clear exactly who the first named Defendant in this action is. It

is not clear whether the first named Defendant is an entity or one or more unidentified

individuals employed by that entity. The complaint also is deficient because Mr.

Galbraith fails to allege facts that demonstrate how each Defendant personally

participated in the asserted violations of his rights. Personal participation is an

essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260,

1262-63 (10th Cir. 1976). To establish personal participation, Mr. Galbraith must show

that each Defendant caused the deprivation of a federal right. *See Kentucky v.*

*Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the

alleged constitutional violation and each Defendant's participation, control or direction,

or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir.

1993). A Defendant may not be held liable on a theory of respondeat superior merely

because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475

U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Galbraith will be ordered to file an amended complaint in which he clarifies

who he intends to name as Defendants and in which he alleges specific facts to

demonstrate how each Defendant personally participated in the asserted constitutional

violations. Mr. Galbraith is reminded that 42 U.S.C. § 1983 "provides a federal cause of

action against any person who, acting under color of state law, deprives another of his

federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Galbraith

should name as Defendants in the amended complaint the individuals he believes

actually violated his rights.

Mr. Galbraith also must clarify in the amended complaint he will be ordered to file

how he has exhausted administrative remedies. Pursuant to 42 U.S.C. § 1997e(a),

"[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal

law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." This "exhaustion requirement

applies to all inmate suits about prison life, whether they involve general circumstances

or particular episodes, and whether they allege excessive force or some other wrong."

**Porter v. Nussle**, 534 U.S. 516, 532 (2002).  Furthermore, § 1997e(a) "imposes a

pleading requirement on the prisoner."  **Steele v. Fed. Bureau of Prisons**, 355 F.3d

1204, 1210 (10th Cir. 2003).  To satisfy the burden of pleading exhaustion of

administrative remedies, Mr. Galbraith must "either attach copies of administrative

proceedings or describe their disposition with specificity."  **Id.** at 1211.

Mr. Galbraith does not attach to the complaint copies of any administrative

proceedings and he fails to allege with specificity how he exhausted administrative

remedies.  He alleges only that he "sent kites to every administrative branch to try to get

help" and that he "used every remedy that was offered." (Prisoner Compl. At 8.)  He

does not explain whether the kites he sent satisfy the grievance procedure available to

him, specifically who the kites were sent to, what issues were raised in the kites he

sent, whether he completed the grievance procedure, or specifically what other

remedies he pursued that were offered to him.  Accordingly, it is

ORDERED that Mr. Galbraith file **within thirty (30) days from the date of this
order** an amended complaint that complies with this order.  It is

FURTHER ORDERED that the clerk of the court mail to Mr. Galbraith, together

with a copy of this order, two copies of the following forms:  Prisoner Complaint.  It is

FURTHER ORDERED that Mr. Galbraith submit sufficient copies of the amended complaint to serve each named Defendant.  It is

FURTHER ORDERED that, if Mr. Galbraith fails within the time allowed to file an original and sufficient copies of an amended complaint that complies with this order to the court's satisfaction, the action will be dismissed without further notice.  It is

FURTHER ORDERED that Plaintiff's motion for service of the summons and complaint filed on October 20, 2005, is denied as premature.

DATED at Denver, Colorado, this _7_ day of ___November___, 2005.

BY THE COURT:

O. EDWARD SCHLATTER
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  05-cv-02068-OES

Steven A. Galbraith
Prisoner No. 125529
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on _11/7/05_

GREGORY C. LANGHAM, CLERK

By: _____

Deputy Clerk