IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02068-MSK-BNB

STEVEN A. GALBRAITH,

Plaintiff,

v.

CORRECTIONAL HEALTHCARE MANAGEMENT,
JOHN AND JANE DOE, unknown employees of Correctional Healthcare, Inc.,
DEPUTY KNOLMAYER,
RICHARD AND MARY ROE, unknown Deputy Sheriffs of El Paso County,
PETER POE, unknown Chief Administrator of the El Paso County Criminal Justice Center, and
TERRY MAKETA,

Defendants.
_____

**ORDER**
_____

This matter is before me on the plaintiff's **Motion Requesting the District Court to Compel the Defendants Correctional Healthcare Management to Responsd** [sic] **to Plaintiff's Initial Interogatorie** [sic] **Requests and Requests for Production of Documents, and Request for Appointment of Intermediary to Assist with Plaintiffs** [sic] **Discovery Requets** [sic] **and Communicatio** [sic] **with the Defendants** [Doc. #98, filed 11/15/06] (the "Motion"). The Motion is DENIED.

The plaintiff seeks an order compelling the defendants to provide more detailed answers to his interrogatories and to produce certain documents in response to his request for production of documents. The interrogatories and the request for production are not attached to the Motion,

however, nor does the plaintiff set forth verbatim his requests and the defendants' responses to those requests.

Local rule of practice 37.1, D.C.COLO.LCivR, specifies the form of discovery motions as follows:

> A motion under Fed. R. Civ. P. 26 or 37 directed to interrogatories or requests under Fed. R. Civ. P. 33 or 34 or to responses thereto shall set forth verbatim the interrogatory, request, and response to which the motion is directed.

This is an important requirement. I cannot rule on a motion to compel in an informed manner unless I know precisely what was asked for in the disputed discovery and precisely what the response to the request was.

The plaintiff further seeks the appointment of "an intermediary to assist the Plaintiff in handling the discovery process." The request is denied. The Court does not appoint "intermediaries" to assist *pro se* litigants with discovery.

IT IS ORDERED that the Motion is DENIED.

IT IS FURTHER ORDERED that, in the future, titles to all motions and other papers shall not exceed ten words.

Dated November 16, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge