IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-02068-MSK-BNB

STEVEN A. GALBRAITH,

      Plaintiff,

v.

CORRECTIONAL HEALTHCARE MANAGEMENT;
JOHN AND JANE DOE, unknown employees of Correctional Healthcare Management;
DEPUTY KNOLMAYER;
RICHARD AND MARY ROE, unknown Deputy Sheriffs of El Paso County;
PETER POE, unknown Chief Administrator of the El Paso County Criminal
      Justice Center; and
TERRY MAKETA,

      Defendants.

---

## STIPULATION AND PROTECTIVE ORDER

---

Each Party and each Counsel of Record stipulate and move the Court for a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information (as hereinafter defined), and, as grounds therefor, state as follows:

1.    In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties

assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties business or privacy interests. The Parties have entered into this Stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2.     "Confidential Information" means all documents disclosed as part of any law enforcement files, as well as any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraphs 7 and 8 below as Confidential.

3.     Information designated as CONFIDENTIAL shall first be reviewed by a lawyer or pro se litigant and the designation of information as CONFIDENTIAL must be based on a good faith belief that the information is confidential, implicates common law or statutory privacy interests, or is otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

4.     Confidential information shall not be disclosed or used for any purposes outside of this litigation. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold such information in confidence and shall not divulge such information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by Order of the Court.

5.     Confidential Information shall not, without the consent of the party producing it or further Order of the Court, be disclosed to anyone except:

(a)     attorneys actively working on this case or pro se parties;

(b)      persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the litigation of this case;

(c)      the parties, including the parties' employees, officers and directors actively participating in the litigation of this case;

(d)      expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for the litigation of this case;

(e)      the Court and its employees ("Court Personnel");

(f)      stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this case; and

(g)      other persons by written agreement of the parties.

6.      Prior to disclosing any Confidential Information to any person listed above (other than counsel, *pro se* parties, persons employed by counsel, Court Personnel and stenographic reporters), counsel or *pro se* parties shall provide such person with a copy of this Protective Order and obtain from such person a signed affidavit in the form attached to this Order as Attachment A, stating that he or she has read this Protective Order, agrees to be bound by its provisions, and submits to the jurisdiction of the Court for purposes of enforcing the Protective Order.  All such original affidavits shall be retained by counsel or *pro se* parties and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel or *pro se* parties.

7.      When Confidential Information is produced, disclosed or otherwise provided by a party in response to any discovery request it will be designated as Confidential Information by imprinting or affixing the word CONFIDENTIAL on the first page or cover

of any document produced, or next to or above any response to a discovery request, in a manner that will not interfere with the legibility of the document or response.

8.      Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record or *pro se* parties within thirty (30) days after notice by the court reporter of the completion of the transcript.

9.      A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear

the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10.     The termination of this action shall not relieve counsel, *pro se* parties or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

11.     At the conclusion of this case, including any appeals, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. If the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all other parties with an affidavit confirming the destruction.

12.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

WHEREFORE, upon a showing of good cause in support of the entry of a Protective Order to protect the discovery and dissemination of Confidential Information in this case,

IT IS ORDERED that the Stipulation of the parties is approved and made an Order of the Court this _8th_ day of _December_ 2006.

BY THE COURT:

*Boyd N. Boland*

**BOYD N. BOLAND**
**United States Magistrate Judge**

Stipulation and Protective Order
Page 5 of 8

**STIPULATED AND AGREED BY:**


s/ Steven A. Galbraith
Steven A. Galbraith
D.O.C. #125529
2925 E. Las Vegas
Colorado Springs, CO 80906

*Pro Se Plaintiff*

**STIPULATED AND AGREED BY:**

s/ Laura A. Childs
Laura A. Childs
TREECE, ALFREY, MUSAT & BOSWORTH, P.C.
999 18th Street, Suite 1600
Denver, CO 80202

*Attorneys for CHM Defendants*

**STIPULATED AND AGREED BY:**

s/ Gordon L. Vaughan
Gordon L. Vaughan
VAUGHAN & DeMURO
111 South Tejon Street, Suite 410
Colorado Springs, CO 80903

*Attorneys for County Defendants*