IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 05-cv-02068-MSK-BNB

STEVEN A. GALBRAITH,

Plaintiff,

v.

CORRECTIONAL HEALTHCARE MANAGEMENT,
JOHN AND JANE DOE, unknown employees of Correctional Healthcare, Inc.,
DEPUTY KNOLMAYER,
RICHARD AND MARY ROE, unknown Deputy Sheriffs of El Paso County,
PETER POE, unknown Chief Administrator of the El Paso County Criminal Justice Center, and
TERRY MAKETA,

Defendants.
_____

**ORDER**
_____

This matter is before me on the **Plaintiff's Motion for Order for Examination per Rule 35(a) of the Federal Rules of Civil Procedure** [Doc. # 147, filed 5/15/07] (the "Motion"). The plaintiff requests that the Court "designate an examiner to evaluate" his medical conditions as a means of helping him prove his claims in this case.

The plaintiff asserts that he cannot afford the cost of an examination. His Motion does not specifically request that the Court pay for the costs of the requested examination, however. To the extent the plaintiff is asking the Court to pay the costs of the requested examination, he provides no basis for that relief.

I am aware that the plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915. That statute authorizes federal courts to direct the United States to pay expenses for certain

records and transcripts, 28 U.S.C. § 1915(c), but it does not authorize federal courts to order payment for medical examinations, or any other expense not specified in the statute. Hooper v. Tulsa County Sheriff Dept., 113 F.3d 1246, 1994 WL 295424 *2 (10th Cir. June 4, 1007). In addition, although the plaintiff brings this Motion under Rule 35(a), Fed. R. Civ. P., that Rule does not address allocation of the costs incurred for physical examinations.

IT IS ORDERED that the Motion is DENIED.

Dated May 24, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge