IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02068-MSK-BNB

STEVEN A. GALBRAITH,

    Plaintiff,

v.

CORRECTIONAL HEALTHCARE, INC.,
JOHN AND JANE DOE, unknown employees of Correctional Healthcare, Inc.
DEPUTY NIEMEYER,
RICHARD AND MARY ROE, unknown Deputy Sheriffs of El Paso County,
PETER POE, unknown Chief Administrator of the El Paso County Criminal Justice Center, and
TERRY MAKETA,

    Defendants.
_____

**OPINION AND ORDER ADOPTING RECOMMENDATION
AND DISMISSING ACTION**
_____

**THIS MATTER** comes before the Court pursuant to the July 2, 2007 Recommendation **(# 154)** of United States Magistrate Judge Boyd N. Boland that the Plaintiff's Amended Complaint be dismissed as a sanction for the Plaintiff's failure to make periodic payments towards the filing fee under 28 U.S.C. § 1915(b). The Magistrate Judge found that he had previously issued an Order **(#136)** in May 2007 that sought to correct past failures by the Plaintiff to make timely payments and directed that the Plaintiff affirmatively make payments on the 15th day of each month or otherwise show cause why such payment could not be made. Despite that Order, the Magistrate Judge found that the Plaintiff had failed to make his June 2007 payment. In weighing the factors of *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992), the

1

Magistrate Judge found that the Plaintiff's failure caused significant prejudice to the Court, that the Plaintiff was fully culpable for the failure, that he had previously been warned of the consequences of failing to make prompt payments, and that dismissal without prejudice was the only effective sanction for the Plaintiff's continued failure to make prompt payments.

More than 10 days have passed since the issuance of the Recommendation and no party has filed objections. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). Where no party files objections to a recommendation, the Court applies whatever standard of review to that recommendation that it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir.1991). This Court has reviewed the recommendation under the otherwise applicable *de novo* standard of Fed. R. Civ. P. 72(b).

Upon a *de novo* review, the Court makes precisely the same factual findings as the Magistrate Judge did, and reaches the same conclusion for substantially the same reasons as the Magistrate Judge. To the Magistrate Judge's analysis of the final *Ehrenhaus* factor – availability of a sanction short of dismissal – this Court adds only the additional observation that past efforts to secure prompt monthly payments by the Plaintiff by means of Orders to Show Cause have been ineffective. As the Magistrate Judge observed in his April 5, 2007 Order **(# 136)**, obtaining a litigant's compliance with § 1915(b) by means of repeated Orders to Show Cause "unreasonably burdens the Court." Moreover, despite the April 5, 2007 Order's emphasis to the Plaintiff of the need to make prompt payment, the Plaintiff's compliance lapsed again, only two months later. Thus, the Court finds that alternative means of securing the Plaintiff's compliance with his monthly payments by means of Orders to Show Cause is both ineffective and unduly burdensome to the Court. The Court finds that no sanction short of dismissal can be effective.

Accordingly, the Court **ADOPTS** the Recommendation **(# 154)** in its entirety. For the reasons stated, the Plaintiff's Amended Complaint **(# 11)** is **DISMISSED** without prejudice, based on the Plaintiff's failure to comply with the Orders of the Court and failure to make periodic filing fee payments pursuant to 28 U.S.C. § 1915(b). The Clerk of the Court shall close this case.

Dated this 19th day of July, 2007

                                         **BY THE COURT:**

*/s/ Marcia S. Krieger*

                                         Marcia S. Krieger
                                         United States District Judge