IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02068-MSK-BNB

STEVEN A. GALBRAITH,

    Plaintiff,

v.

CORRECTIONAL HEALTHCARE MANAGEMENT,
JOHN AND JANE DOE, unknown employees of Correctional Healthcare Management,
DEPUTY KNOLMAYER,
RICHARD AND MARY ROE, unknown Deputy Sheriffs of El Paso County,
PETER POE, unknown Chief Administrator of the El Paso County Criminal Justice Center, and
TERRY MAKETA,

    Defendants.
_____

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**
_____

    **THIS MATTER** comes before the Court pursuant to the Plaintiff's Motion Requesting Reversal of Order **(# 161)**, and Defendant Correctional Healthcare Management's ("CHM") response **(# 162)**, Defendants Knolymayer and Maketa's response **(# 164)**, and the Plaintiff's reply **(# 176)**; the Plaintiff's Motion for Reconsideration **(# 166)**, CHM's response **(# 169)**, and Defendants Knolmayer and Maketa's response **(# 170)**; and the Plaintiff's Motion Requesting Law Library Access **(# 172)**.

    Only procedural facts are relevant to the resolution of these motions. In October 2005, the Plaintiff was permitted to commence this action *in forma pauperis* pursuant to 28 U.S.C. § 1915 **(# 2)**. The order granting *in forma pauperis* status advised the Plaintiff that he was

obligated to make monthly payments toward the filing fee, or to show cause each month why he lacked the means to make a payment. *Id.* The Plaintiff failed to make monthly payments in February and March 2007, and on April 5, 2007, United States Magistrate Judge Boyd N. Boland issued an Order to Show Cause **(# 136)**, directing that the Plaintiff make his monthly filing fee payments of his own accord, and warned that the failure of the Plaintiff to spontaneously make the monthly payments by the 15th of each month could result in sanctions, including dismissal of the case.

The Plaintiff made monthly payments in April and May 2007, but made no timely payment in June 2007. On June 26, 2007, Magistrate Judge Boland recommended **(# 154)** that the case be dismissed based on the Plaintiff's failure to comply with the April 5, 2007 Order. The Magistrate Judge's recommendation was mailed to the Plaintiff at his address of record, 6364 Council Point, # 106, Colorado Springs, Colorado, but the mailing was returned to the Clerk of the Court **(# 155)** with a notation reading "no such street, unable to forward." On July 20, 2007, having received no objection to the Magistrate Judge's recommendation, this Court adopted **(# 158)** that recommendation and dismissed the action.

On July 23, 2007, the Plaintiff filed a notice of change of address **(# 159)**, stating that his current mailing address was now a county jail in Colorado Springs. The Clerk of the Court mailed **(# 160)** a copy of the Court's Order dismissing the action to the Plaintiff at his new mailing address, and on July 30, 2007, the Plaintiff filed the instant Motion Requesting Reversal of Order Dismissing Action **(# 161)**, which this Court construes as a motion for reconsideration. In that motion, the Plaintiff requests a 60-day extension of time to make a filing fee payment, states that

he has not received any communications from the Court since his incarceration on July 10, 2007, and has no access to a law library.

On August 16, 2007, the Plaintiff filed a second Motion for Reconsideration **(# 166)**, enclosing a copy of his inmate trust account statement and a payment of $10, and further added that: (i) he has been incarcerated since July 11, 2007; (ii) he has been unable to obtain a copy of his inmate trust account statement; (iii) he requests a copy of a statement showing the remaining balance of his filing fee obligation, as he was under the impression that he had fully paid the fee; (iv) since his re-incarceration, he has been subject to comments by the Defendants about this litigation, and his access to a law library has been delayed; (v) that he has filed grievances about the Defendants' comments and/or the lack of access to a law library; and (vi) he requested that the Court "remind the Defendants that discussing this case and specifics with those not involved with the case is a violation of their own gag order."

The Plaintiff's motion requested that the case be reopened. All named Defendants opposed the Plaintiff's motion, and on September 24, 2007, the Plaintiff filed a reply **(# 176)**, stating: (i) he has been aware of the Court's dismissal of this action since approximately July 20, 2007, and had sent a payment to the Court in an attempt to rectify any oversight; (ii) the Council Point address was correct, up until July 11, 2007, at which time he was re-incarcerated; (iii) he believed that he had paid the entire amount of the filing fee; (iv) he does not know why mail addressed to him at the Council Point address would have been returned; (v) he recognizes his responsibility to know the amounts owed and to be on time with his payments, and explains that he "has several filings with the courts of which relate to the filings of this case, each with separate filing fees," and that he apparently miscalculated when he assumed that he had fully paid the fee in

3

this case; he goes on to add that he has "had some financial and personal problems which have led to his inability to pay filing fees"; (vi) he has been incarcerated since July 11, 2007, had no access to a law library, and is limited in his ability to send letters. The Plaintiff again requested that the Court re-open the case.

In a separate motion **(# 172)**, the Plaintiff requests that the Court order Fran LaPage, a non-party, to reinstate the Plaintiff's access to writing paper and supplies, so as to facilitate his ability to correspond with the Court and the Defendants.

The Court is mindful of the Plaintiff's *pro se* status, and at all times, construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, *pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Sifting through the various explanations and arguments offered by the Plaintiff, the Court notes that none address the underlying point of the Magistrate Judge's June 26, 2007 recommendation – namely, that the Plaintiff failed to make a filing fee payment in June 2007, only two months after having been advised of the obligation to do so and warned of the possibility of dismissal should he fail. This simple fact renders all of the various arguments in the Plaintiff's motions unavailing. The fact that the Plaintiff might not have received a copy of the Magistrate Judge's recommendation mailed to his address of record does not relieve him of the duty to explain his failure to make a June 2007 payment. This Court's Order – which the Plaintiff admits

4

receiving – specifically notes that it is this failure to make a payment that triggered the Magistrate Judge's recommendation and ultimately, the dismissal of the action.[1] *Docket* # 158 at 1 ("Despite that Order, the Magistrate Judge found that the Plaintiff had failed to make his June 2007 payment.") Thus, the Plaintiff was admittedly been on notice of the reason for the dismissal of his case, yet despite such notice, nothing in either of the Plaintiff's motions explains why he did not make a payment in June 2007. The generalized statement that he was experiencing "financial and personal problems" is insufficient to explain his failure to make a payment only two months after having been reminded of his obligation to do so.

The remainder of the Plaintiff's arguments – relating to his incarceration in July 2007, his inability to access a law library, etc. – are irrelevant, as they all occurred after June 2007, and thus, do not serve to justify his failure to make a filing fee payment in that month. One could argue that the Plaintiff's incarceration led to his lack of writing paper and other supplies, which led to his failure to timely object to the Magistrate Judge's recommendation, which led to the dismissal, but such an argument misinterprets the Court's rationale in dismissing the action. The case was not dismissed as a result of the Plaintiff's failure to respond to the recommendation, but rather, as a result of the Plaintiff's unexplained failure to make the periodic filing fee payments required of him. *Docket* # 158 at 3. Even now, with the benefit of two motions for

---

[1]Moreover, this Court's reference to the Magistrate Judge's recommendation in its July 20, 2007 Order placed the Plaintiff on notice of its existence, even if the Plaintiff had not received a copy.

reconsideration and an extensive reply by the Plaintiff, the explanation for his failure to make the June 2007 filing fee payment remains elusive.[2]

Because nothing in the Plaintiff's motions suffices to explain his failure to make the June 2007 payment, the Court finds nothing that would warrant reconsideration of its July 20, 2007 Order. The fact remains that, despite having ample warning of his obligation to make filing fee payments, the Plaintiff failed to do so in June 2007, and to date, has offered no justification for that failure. Accordingly, the Plaintiff's Motions for Reconsideration **(# 161, 166)** are **DENIED**. Because this case is closed, the Plaintiff's Motion Requesting Law Library Access is **DENIED AS MOOT**.

Dated this 4th day of March, 2008

**BY THE COURT:**

*Marcia S. Krieger*
_____

Marcia S. Krieger
United States District Judge

---

[2] Although it does not rely on such facts in reaching its decision, the Court notes that, after making another periodic payment in August 2007 **(# 167)**, the Plaintiff supplied a statement in September 2007 **(# 171)** demonstrating his inability to make a payment, and supplied an "update of status" in October 2007 **(# 180)**, explaining his inability to pay a fee but not supplying a copy of his trust account statement as required by the Court's prior orders. The October 2007 statement promised a payment "on or before November 10, 2007," but the Court's docket reflects neither payment nor explanation for an inability to pay in any of the four months since October 2007.